# Court of Appeals
# of the State of Georgia

ATLANTA, October 09, 2019

*The Court of Appeals hereby passes the following order:*

**A19A0962. KNOX et al. v. DEAL et al.**

The underlying appeal in this case involves professors at various public universities in Georgia who sued Governor Nathan Deal and Attorney General Christopher Carr in their individual capacities, and their successors in office, alleging constitutional violations related to the application and enforcement of H. B. 280, the so-called "Campus Carry Legislation," which former Governor Deal signed into law, and related legislation at OCGA §§ 16-11-127.1, 16-11-127, and 16-11-173. While the constitutional issues in this suit are not before us, the professors have appealed from the trial court's order denying their motion for an injunction and dismissing their complaint pursuant to OCGA § 9-11-12 (b) (1) based upon sovereign immunity and lack of standing.

After their appeal was docketed, the professors filed a "Notice of Substitution of Party," averring that because Governor Brian Kemp had succeeded Governor Deal in office, an automatic substitution had taken place pursuant to OCGA § 9-11-25 (d) (1). The State filed a response in opposition, and both sides filed supplemental briefs at the request of the Court.

Upon consideration of the matter, it is clear that our law, by its plain terms, does not permit automatic substitution in the instant case. OCGA § 9-11-25 (d) (1) provides that "[w]hen a public officer is a party to an action *in his official capacity* and during its pendency . . . ceases to hold office, the action does not abate, and his successor is automatically substituted as a party." (Emphasis supplied.) The professors argue, inter alia, that OCGA § 9-11-25 adopts the corresponding Federal Rule of Civil Procedure 25 (d), which provides that "[a]n action does not abate when

a public officer who is a party *in an official capacity* . . . ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." (Emphasis supplied.) As federal case law makes clear, however, automatic substitution does not apply to officials sued, as here, in their individual capacities. See *Bethel v. Porterfield*, 293 F.Supp.2d 1307, 1318 (III) (A) (S.D. Ga. 2003) (Fed. R. Civ. P. 25 (d) "does not provide substitution, however, where a defendant is being sued personally. In such case, the claims for individual liability continue unaffected") (citation omitted), aff'd without opinion, 116 Fed.Appx. 246 (11th Cir. 2004). Accord *Ellison v. Chilton County Bd. of Education*, 894 F.Supp. 415, 417, n. 3 (M.D. Ala. 1995).

We thus remand this case to the trial court so that it may conduct a hearing to determine whether Governor Kemp should be substituted for former Governor Deal, and to address any potential mootness considerations as to former Governor Deal.

Upon entry of a new order by the trial court, a new notice of appeal may be filed within 30 days.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __10/09/2019__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*